PER CURIAM.
The appellant was charged with, tried for, and convicted of, aggravated assault and attempted escape, and has appealed from an order entered by the Circuit Court for Baker County denying his motion to vacate his judgment of conviction and sentence grounded upon his claim that he was deprived of his constitutional right to the benefit of counsel at his arraignment and trial under the “Gideon doctrine.”
Our examination of the record convinces us unequivocally that the appellant competently and intelligently waived — through two unchallenged written statements signed by him — his constitutional right to counsel, and so he was not entitled to counsel under the rule laid down by the United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).
The order appealed from, therefore, should be and it is
Affirmed.
STURGIS, C. J., and CARROLL, DONALD K., and RAWLS, JJ., concur.